IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARLOS K. LINDSEY, SR.,           )
#251116,                          )
                                  )
            Plaintiff,            )
                                  )
v.                                )          CASE NO. 2:23-cv-171-MHT-JTA
                                  )
SOUTHERN HEALTH PARTNERS,         )
et al.,                           )
                                  )
            Defendants.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C.
§ 1983 action. (Doc. No. 1.) Upon screening the Complaint under 28 U.S.C.
§§ 1915(e)(2)(B) and 1915A, and for the reasons set forth herein, the undersigned
RECOMMENDS that this action be DISMISSED prior to service of process for Plaintiff's
failure to state a claim on which relief may be granted.

## I.      THE COMPLAINT

The Complaint alleges that, while confined in the Covington County Jail in June
2022, Plaintiff was subjected to derogatory language and racial slurs. (Doc. No. 1 at 2–3.)
Specifically, "Nurse Marjorie and Officer Markel Carswell made jokes about calling each
other cotton picking [expletive] and old hags[,] which [Plaintiff] found very offensive
because many of [his] family members picked cotton." (*Id*. at 3.) Corporal Stinner
demanded that Plaintiff "let [it] go" because "it's not that serious," but Plaintiff "found it
to be traumatizing coming from people on such a professional level." (*Id*.) As relief,

Plaintiff seeks monetary damages "for mental anguish" and "mental health counseling." (*Id*. at 4.)

## II.    DISCUSSION

Although Plaintiff does not specify what constitutional right he believes has been violated, it is clear that his sole grievance is prison officials making inappropriate jokes containing derogatory language and racial slurs. However, it is well-settled that mere comments made by prison officials, no matter how inappropriate, derogatory, demeaning, profane, threatening, or abusive, do not rise to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) (noting that verbal taunts, no matter how distressing, do not violate an inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.").[1] Thus, although the Court certainly does not condone the language alleged in the Complaint, such language nevertheless fails to give rise to a viable claim under § 1983.

---

[1] *See also Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (affirming district court's dismissal for failure to state a claim because officer's insults and racial and sexual slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987) (finding that mere verbal abuse is not violative of the Eighth Amendment); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong."); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called [plaintiff] names . . . did not allege any appreciable injury and was properly dismissed."); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) ("Verbal harassment . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").

### III.   CONCLUSION

Because it is clear that the sole basis for the Complaint fails to give rise to a constitutional violation, and because Plaintiff has suffered absolutely no physical injury as a result of the alleged misconduct,[2] the undersigned finds that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.").

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process for Plaintiff's failure to state a claim on which relief may be granted.

It is further ORDERED that, by June 12, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[2] *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of May, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE